Filed 10/16/24  P. v. Rivas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083391 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD185232) |
| HERIBERTO RIVAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Request for judicial notice is denied.  Reversed and remanded with instructions.

Ava R. Stralla, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

**MEMORANDUM OPINION**

This is yet another in a series of cases in which a defendant seeks a full resentencing under Penal Code[1] section 1172.75 where the trial court previously imposed but stayed a prison prior enhancement pursuant to section 667.5, subdivision (b). Whether resentencing is required in such cases is presently pending review in the California Supreme Court.[2] Following the weight of published appellate authority, and specifically this court's prior opinion in *Christianson, supra,* 97 Cal.App.5th 300, we reverse with instructions to conduct a full resentencing.

### A. *Factual Summary*

In 2016, defendant Heriberto Rivas was found guilty of first degree murder. Among other things, Rivas admitted he had suffered a serious felony prior (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)) and a prison prior (§ 667.5, subd. (b)) arising from the same felony conviction. A five-year serious felony enhancement was imposed, and the prison prior enhancement was stayed.

Effective January 1, 2022, former section 1171.1 (now section 1172.75) was added to the Penal Code by Senate Bill No. 483 (2021–2022 Reg. Sess.). (Stats. 2021, ch. 728, § 3.) With one exception not applicable here, section 1172.75 provides that prison prior enhancements "imposed prior to January

---

[1]    Further undesignated statutory references are to the Penal Code.

[2]    See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius*); *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*).

1, 2020" pursuant to section 667.5, subdivision (b) are "legally invalid."
(§ 1172.75, subd. (a).)

Pursuant to subdivision (b) of section 1172.75, the Department of Corrections and Rehabilitation (CDCR) identified Rivas as a person currently serving a prison term that included an enhancement imposed pursuant to section 667.5, subdivision (b). After the court appointed counsel to represent him, Rivas filed a motion to be resentenced. The court held a hearing but issued a written order denying the motion. Relying on section 1172.75's legislative history and the *Rhodius* decision (97 Cal.App.5th 38), the court concluded that Rivas was ineligible for relief because his prison prior did not result in him serving any additional prison time.

## B. *Analysis*

The proper interpretation of section 1172.75 in this context has now been the subject of numerous conflicting published appellate opinions, and the Supreme Court has now granted review in several cases to resolve the conflict. In *People v. Renteria* (2023) 96 Cal.App.5th 1276, the trial court declined to apply section 1172.75 to the defendant's prior prison term enhancements on the ground that the word "imposed" as used in subdivision (a) of section 1172.75 did not include enhancements that were stayed. (*Renteria,* at p. 1282.) The Sixth Appellate District reversed, holding that "imposed" enhancements include not only those imposed and *executed*, but also those that are imposed and *stayed*. (*Ibid.*, quoting *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125 (*Gonzalez*).)

In *Rhodius*, a different division of our court reached the opposite conclusion, relying heavily on *Gonzalez, supra,* 43 Cal.4th 1118, in which the Supreme Court interpreted the word "imposed" as used in section 12022.53, subdivision (f), to mean imposed *and* executed. Examining section 1172.75

3

as a whole, the *Rhodius* court observed that subdivision (d)(1) of section 1172.75 requires the trial court to impose a "lesser sentence than the one originally imposed," and reasoned the only way the enhancement could affect the length of a sentence is if it had been imposed and executed. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–44, review granted.) It also found the legislative history of section 1172.75 demonstrates "a clear presupposition by the Legislature of an imposed and executed sentence," including a legislative analysis that found sentencing enhancements create a significant financial burden for state taxpayers. (*Rhodius*, at pp. 46–47.)

Decided only four days after *Rhodius,* this court's opinion in *Christianson* rejected a narrow interpretation of section 1172.75 and held that the statute applies to cases in which the inmate's abstract of judgment includes one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed. (*Christianson, supra*, 97 Cal.App.5th at p. 305, review granted.) Although we considered the word "imposed" in section 1172.75, subdivision (a) to be "at least somewhat ambiguous," we concluded that in the context of the statutory scheme, stated legislative intent, and statutory history, "imposed" was not "limited to enhancements that were imposed *and executed.*" (*Christianson*, at p. 311.) We observed that subdivision (a) of section 1172.75 requires the CDCR to identify all inmates " 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a),' " and that a judgment "may include a sentence that has been imposed but suspended or stayed." (*Christianson*, at p. 311.) We found it illogical that the Legislature would require the CDCR to identify a larger class of inmates based on the abstract of judgment, only to have the trial court "then look at the same abstracts of

4

judgment available to the CDCR to determine whether" the enhancements had been stayed. (*Id.* at p. 312.)

We also disagreed that if the statute were interpreted as applying to stayed enhancements, this would create a conflict with subdivision (d)(1) of section 1172.75. We explained that when a punishment is stayed, "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s]," and that "removal of the stayed enhancement" therefore "provide[s] some relief to the defendant by eliminating that potential." (*Christianson, supra,* 97 Cal.App.5th at p. 312, review granted.) And while in *Gonzalez, supra,* 43 Cal.4th at page 1126, the Supreme Court interpreted the word "imposed" in section 12022.53, subdivision (f), to mean imposed and executed, we did not find *Gonzalez* to be controlling. In our view, the high court had interpreted "imposed" in the context of a statute intended to ensure longer sentences for felons who use firearms, whereas section 1172.75 was "expressly aimed at *reducing* sentences." (*Christianson,* at p. 314.) And we found the legislative history to be consistent with our reading of section 1172.75.[3] (*Christianson,* at p. 316.)

Since the filing of our opinion in *Christianson,* several other courts have filed published opinions agreeing with *Renteria* and *Christianson,* but declining to follow *Rhodius.* (See *Saldana, supra,* 97 Cal.App.5th at pp. 1276–1279, review granted; *Mayberry, supra,* 102 Cal.App.5th 665, review granted; *People v. Espino* (2024) 104 Cal.App.5th 188, 195–198.) "We see no good reason to reject the weight of authority interpreting section 1172.75" including our own decision in *Christianson.* (*Espino,* at p. 196.)

---

[3] We deny Rivas's request for judicial notice of certain legislative history materials as unnecessary to the disposition of this appeal. (See *Salmon Protection & Watershed Network v. County of Marin* (2012) 205 Cal.App.4th 195, 209, fn. 13.)

"Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division." (*Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9.)

*Christianson* is a decision of this court, and the People have not provided us with a compelling reason to reconsider it. We were aware of *Rhodius* when we decided *Christianson*, and we expressly disagreed with the *Rhodius* court's interpretation of section 1172.75. (See *Christianson*, *supra*, 97 Cal.App.5th at p. 316, fn. 8, review granted.) Accordingly, we adopt the reasoning and holding of *Christianson* and conclude that section 1172.75 affords relief to defendants like Rivas whose abstracts of judgment include one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed. Rivas is therefore entitled to a recall of his sentence and full resentencing upon remand, including the application of "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).)

## DISPOSITION

The order denying Rivas's motion for resentencing is reversed and the matter is remanded to the trial court with instructions to grant the motion, recall Rivas's sentence, and resentence him consistent with section 1172.75 and current law.

DATO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

BUCHANAN, J.

6